CHARLES C. AYER *vs.* HENRY A. BREED.

A probate court licensed the guardian of an insane person to sell his ward's interest in certain land. One who was the father and next of kin of the ward appealed on the ground that the ward had no interest in the land; and that the appellant himself owned it in fee. *Held*, that this court would not, even with the consent of the parties, entertain the appeal.

APPEAL by Henry A. Breed, the father and next of kin of Henry A. Breed, Jr., an insane person, from a decree of the Probate Court granting to Charles C. Ayer, the guardian of Henry A. Breed, Jr., a license to sell all the ward's interest in certain real estate in Lynn. The reason of appeal was that the real estate named in the petition and license was not the property of the ward, and the ward had no right, title and interest in the same, but it was the property in fee simple of the appellant.

In this court, the appellant and the guardian stated the following case : On July 12, 1867, Benjamin Shillaber, being seised of this land, made a quitclaim deed thereof to " Henry A. and Catharine A. Breed, their heirs and assigns," to have and to hold the same " to them, the said H. A. and C. A. Breed, in her right, her heirs and assigns, to their use and behoof forever." Said Henry A. Breed is the appellant, and said Catharine was his wife. She died before 1845, intestate, and the ward is her only child and heir at law. If by the true construction of that deed, the fee simple in the land is in the appellant, the petition is to be dismissed ; if it is in Henry A. Breed, Jr., the decree of the Probate Court is to be affirmed. The case was reserved by *Gray*, J., upon the facts thus agreed, for the determination of the full court.

*W. Howland*, for the petitioner.

*J. W. Perry & L. S. Tuckerman*, for the appellant.

BY THE COURT. The question of title which the parties have attempted to present cannot be settled in a court of probate. The father of the ward could not be aggrieved, either as his next of kin, or as claiming under the deed of Shillaber, by a decree declaring the ward to have an interest in the land sufficient for the granting of a license to sell. As next of kin, such decree would be beneficial to him. His claim under an independent title, like that of any stranger, could not be tried or affected by these proceedings for the sale of the ward's interest. We are therefore all of opinion that the report and the statement of facts upon which it is founded must be *Discharged.*